Christopher N. ROMINGER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–742C.

United States Court of Federal Claims.

July 20, 2006.

James A. Endicott, Jr., Harker Heights, TX, for plaintiff.

John S. Groat, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General and Director David M. Cohen, for defendant. Lt. Col. Joseph Fetterman and Major Christopher Soucie, Military Personnel Branch, Litigation Division, U.S. Army, Arlington, VA.

## OPINION

FIRESTONE, Judge.

Pending before the court are cross-motions for judgment on the administrative record pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims ("RCFC")[1] in this military disability case. The plaintiff, Christopher N. Rominger ("Rominger"), was a former Staff Sergeant with the United States Army ("Army"). Mr. Rominger was separated from the Army because of a physical disability on November 29, 1999, after having served for 13 years, 9 months and 9 days. Mr. Rominger received a 20 percent disability rating and severance pay. Shortly after Mr. Rominger left the military, he applied for veterans benefits and received a 40 percent disability rating for the same disability from the U.S. Department of Veterans Affairs ("VA") on January 12, 2000. Thereafter, Mr. Rominger appealed to the Army Board for the Correction of Military Records ("ABCMR") seeking a reassessment of his disability status based on the VA's disability rating. The ABCMR refused to alter Mr. Rominger's disability status and he filed the present action.

In his motion for judgment on the administrative record, Mr. Rominger seeks reversal

---

1. A motion for judgment on the administrative record is now governed by RCFC 52.1. RCFC 52. 1, which became effective on June 20, 2006, replaced RCFC 56. 1, under which the parties filed their motions. It does not appear that the disposition of this case is affected by the differences between RCFC 52.1 and superseded RCFC 56.1.

of the ABCMR's decision refusing to correct his military record or to provide him with a disability retirement commensurate with the VA's determination.

The government argues in response that this court does not have jurisdiction over Mr. Rominger's claim or, in the alternative, that the decision of the ABCMR should be affirmed.

For the reasons that follow, the court finds that it has jurisdiction to review the ABCMR decision. However, the court finds that the ABCMR opinion is not sufficient to support the decision and therefore the matter is remanded to the ABCMR for further consideration. The court has determined that oral argument is not necessary in this case.

## FACTUAL BACKGROUND

Mr. Rominger is a former active duty Army soldier who was medically separated from the Army due to his disability after a Medical Evaluation Board ("MEB") found that he did not meet the Army's retention standards. The MEB determined that Mr. Rominger suffered from recurrent herniation of the nucleus pulposus at L4–5 with chronic postoperative back and leg pain. Based on these findings, the MEB determined that Mr. Rominger did not meet retention standards and referred him to a Physical Evaluation Board ("PEB"). Mr. Rominger agreed with the MEB's findings and recommendation. Administrative Record ("A.R.") 17–20.

On August 26, 1999, an informal PEB examined Mr. Rominger's medical records. The PEB considered the medical conditions that the MEB had considered, including his "chronic low back pain with right lower extremity pain and radiculopathy with recurrent L4/L5 and L5/S 1 herniated disks." A.R. 14. The PEB also considered other factors such as his degenerative disk disease, his prior back surgeries, his motor strength, and the fact that he had "hypasthesia right L5 and S 1 and absent ankle reflex on the right." A.R. 14. Based on its review of Mr. Rominger's medical records, the informal PEB determined that Mr. Rominger was not

fit for further military duty and awarded him a preliminary disability rating of 20 percent.

The informal PEB's disability rating of 20 percent was based on its application of the Veterans Administration Schedule for Rating Disabilities ("VASRD"). The Army applies the VASRD standards once a solider is determined to be unfit for duty. *See* Army Reg. 635–40, App. B–3a (1990) ("Once a soldier is determined to be physically unfit for further military service, percentage ratings are applied to the unfitting conditions from the VASRD."). The informal PEB applied VASRD 5295 (lumbosacral strain) found in Army Reg. 635–40, App. B–39.[2] This provision of the regulations covers both VASRD 5295, which the informal PEB applied, as well as VASRD 5293 (intervertebral disc syndrome). Army Reg. 635–40, App. B–39, provides, in relevant part:

(a) A 40 or 60 percent disability rating will be predicated upon objective medical findings of neurological involvement. Deep tendon reflex asymmetry in the ankles, as manifested by an absent or diminished reflex, constitutes an important objective sign. . . .

(b) Lesser ratings will begin with 0 percent rating for chronic low back pain of unknown etiology . . . . Demonstrable pain on spinal motion or discovery of back pain etiology will warrant a 10% rating unless paravertebral spasms are also present, in which case a 20% rating will be awarded.

On September 2, 1999, Mr. Rominger signed the PEB proceedings form and indicated on the form that he (1) did not concur with the informal PEB proceedings, (2) wanted a formal PEB hearing, and (3) wanted appointed counsel. A.R. 16. Mr. Rominger was provided with counsel and on September 20, 1999, after conferring with counsel, Mr. Rominger decided to waive his right to challenge the informal PEB decision and to accept the 20 percent disability rating. A.R. 15. On September 28, 1999, the informal PEB decision was approved on behalf of the Secretary of the Army. A.R. 14. On Novem-

**2.** This section of Appendix B to Army Reg. 635–40 is entitled: "Special Instructions and Explanatory Notes, VASRD."

ber 30, 1999, Mr. Rominger was separated from the Army for disability, assigned a disability rating of 20 percent, and given $48,240 in severance pay. A.R. 65.[3]

Following his discharge, Mr. Rominger applied to the VA for benefits. On January 12, 2000, less than two months after he had left the Army, the VA awarded Mr. Rominger a disability rating of 40 percent. The VA's rating was based on the criteria for rating individuals with "intervertebral disc syndrome" under VASRD 5293. A.R. 55. Although the VA relied on VASRD 5293, as opposed to the informal PEB which relied on VASRD 5295 (lumbosacral strain), the VA rating was based on the same medical findings that were used to support the informal PEB's decision. The VA's decision states, "Service connection for herniated nucleus pulposus, lumbar spine, post operative, has been established .... This condition is evaluated as 40 percent disabling .... An evaluation of 40 percent is assigned for recurring attacks of severe intervertebral disc syndrome with only intermittent relief." [4]

On March 22, 2000, Mr. Rominger applied to the ABCMR for correction of his military record based on the VA determination. He submitted required medical documentation to the ABCMR on July 6, 2003. In his application, Mr. Rominger sought an increase in his disability rating to not less than 60 percent. A.R. 46.

On March 19, 2004, the ABCMR denied his application. The ABCMR stated that Mr. Rominger had been diagnosed with "recurrent herniated nucleus pulposus at L4–5 and L5–S1 with chronic post-operative back and leg pain." A.R. 48. The ABCMR stated that the PEB had rated the applicant's condition at 20 percent, but noted that the VA rated the applicant with 40 percent disability for the same ailment, i.e., "herniated nucleus pulposus, lumbar spine, and post-operative." A.R. 48–49. The ABCMR then concluded as follows:

7. The applicant provided no evidence that his disability was improperly rated in accordance with VASRD or that his separation with severance pay was not in compliance with law and regulation.

8. The rating action by the DVA does not necessarily demonstrate any error or injustice in the Army rating. The DVA, operating under its own policies and regulations, assigns disability ratings as it sees fit. Any rating by the DVA does not compel the Army to modify its rating.

9. The applicant's contentions do not demonstrate error or injustice in the disability rating assigned by the Army, nor

---

3. For those service members who do not have either 20 years of active duty service or a disability rating above 30 percent, a disability retirement is not available. *See* 10 U.S.C. § 1203 (2000). Members separated under Section 1203 receive a one-time payment of disability pay. Because Mr. Rominger had only 13 years of service and a disability rating of 20 percent, he did not meet the threshold criteria for a disability retirement. *See* 10 U.S.C. §§ 1201 and 1202 (2000).

4. Under the VA's schedule of ratings that was in effect at the time of the informal PEB's decision, as set forth in 38 C.F.R. § 4.71a–29 (1999), VASRD 5293 and VASRD 5295 contain separate rating levels. In addition, the rating criteria are somewhat different.

VASRD 5293 (intervertebral disc syndrome) provides:

Pronounced; with persistent symptoms compatible with sciatic neuropathy with characteristic pain and demonstrable muscle spasm, absent ankle jerk, or other neurological findings appropriate to site of diseased disc, little intermittent relief ....................................... 60
Severe; recurring attacks, with intermittent relief ....................................... 40
Moderate; recurring attacks .................. 20
Mild......................................... 10
Postoperative, cured .......................... 0

VASRD 5295 (lumbosacral strain) provides:

Severe; with listing of whole spine to opposite side, positive Goldwaite's sign, marked limitation of forward bending in standing position, loss of lateral motion with osteo-arthritic changes, or narrowing or irregularity of joint space, or some of the above with abnormal mobility on forced motion..................... 40
With muscle spasm on extreme forward bending, loss of lateral spine motion, unilateral, in standing position ............................ 20
With characteristic pain on motion ............ 10
With slight subjective symptoms only .......... 0

error or injustice in the disposition of his case by his separation from the service. A.R. 49.

Mr. Rominger filed the present action on July 11, 2005, requesting back disability retirement pay.

## DISCUSSION

### A. Scope and Standard of Review

The Court of Federal Claims has recently amended its rules to clarify the appropriate scope of review for deciding a motion for judgment upon the administrative record. *See* RCFC 52.1. Under RCFC 52.1, the scope of review is based upon the administrative record provided to the court. The standard of the court's review will depend on the specific law to be applied in the specific case. *See* Rules Committee Note to RCFC 52.1.

■ Here, the court will apply the well-settled standards governing review of correction board decisions. As a general rule in the military disability area, the court is bound by the correction board decision unless the plaintiff establishes "by cogent and clearly convincing evidence that the [military's] decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes or regulations." *Kirwin v. United States,* 23 Cl.Ct. 497, 502 (1991) (citing *de Cicco v. United States,* 230 Ct.Cl. 224, 677 F.2d 66, 70 (1982)). *See also Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed. Cir.1986); *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983) ("[R]esponsibility for determining who is fit or unfit to serve in the armed services is not a judicial province."). In this connection, the court will not re-weigh the evidence or sit as a "super correction board." *Skinner v. United States,* 219 Ct.Cl. 322, 594 F.2d 824, 830 (1979). Instead, the court will determine "whether *the conclusion being reviewed* is supported by substantial evidence." *Heisig,* 719 F.2d at 1157 (emphasis in original).

### B. The Plaintiff Has Not Waived the Right to Judicial Review of the ABCMR Decision.

■ As a threshold matter, the government contends that Mr. Rominger's com-

plaint should be dismissed on the ground that he waived his right to challenge his 20 percent disability rating when he decided not to pursue a formal PEB. The government argues that, based on *Gant v. United States,* 63 Fed.Cl. 311 (2004), *aff'd,* 131 Fed.Appx. 292 (Fed.Cir.2005), a service member who elects not to pursue a formal PEB hearing may not seek review of the informal PEB decision before this court. In such circumstances, the service member is deemed to have waived his right to review of the informal PEB's determination.

Mr. Rominger argues in response that he is not seeking review of the informal PEB's decision, but is instead seeking review of the ABCMR's decision not to correct his disability status. Mr. Rominger contends that his case is virtually identical to *Van Cleave v. United States,* 66 Fed.Cl. 133 (2005), in which the court held that a service member who had accepted an informal PEB determination had waived his right to seek review of the PEB decision, but had not waived his right to judicial review of a correction board decision not to change the service member's disability status, when presented with evidence to show that the disability rating may be incorrect. In *Van Cleave* the service member sought review before the Navy's Board of Corrections after the service member learned that the PEB may have applied the wrong VASRD rating to his condition. The *Van Cleave* court held, "Plaintiff's voluntary waiver of a formal PEB precludes judicial review of the informal PEB's determination. Yet that waiver does not preclude judicial review of the Board for the Correction of Naval Records.... We do not review the underlying medical determination of the Physical Evaluation Board; review is limited to the Correction Board's denial of Mr. Van Cleave's application for review on the basis of the record before it." *Id.* at 136 (internal citation omitted).

This court agrees with the *Van Cleave* decision and finds that, when Mr. Rominger accepted the informal PEB determination, he did not waive his right to judicial review of the ABCMR's decision not to correct his military record. Mr. Rominger does not

take issue with the informal PEB's factual findings regarding his condition.[5] Instead, like Mr. Van Cleave, he takes issue with ABCMR's application of the VASRD to the undisputed facts. In both cases, the service member contends that the correction boards were obligated to consider whether there was an error or an injustice in the disability rating they received based on the medical evidence presented to the informal PEB. As in *Van Cleave*, the court finds that Mr. Rominger did not waive the right to seek a correction of his military record on this basis when he elected not to seek a formal PEB. Mr. Rominger is entitled to judicial review of the ABCMR's decision not to correct the record.

**C. The ABCMR Decision Lacks Sufficient Explanation for Meaningful Judicial Review.**

 Although courts afford great deference to the decisions of boards for the correction of military records, that deference is not absolute. Correction boards are obligated to "examine relevant data and articulate a satisfactory explanation for their decisions." *See Van Cleave*, 66 Fed.Cl. at 136 (citing *Yagjian v. Marsh*, 571 F.Supp. 698, 701 (D.N.H.1983)). In this connection, "correction boards are required to make rational connections between the facts found and the choices made." *Id.* Where a correction board fails to support its decision with a reasoned explanation of an important issue, a remand is appropriate. *Id.*

 Tested by these standards, a remand is necessary in this case. Here, the ABCMR dismissed Mr. Rominger's objections in three short paragraphs without any real analysis. After reiterating the undisputed factual evidence, the ABCMR did not provide any explanation for why the Army should not reconsider its disability rating based on the higher disability rating provided to Mr. Rominger by the VA for precisely the same diagnosis. Although the VA and Army have different standards for determining whether

a service member is "disabled" or unfit for military service, "once a soldier is determined to be physically unfit for further military service, percentage ratings are applied to the unfitting conditions from the VASRD." Army Reg. 635–40, App. B–3(a). "Congress has established the VASRD as the standard under which percentage rating decisions are to be made for disabled military personnel." *Id.*, App. B–1(a).

Despite these requirements, the ABCMR never considered Mr. Rominger's objections to the Army's use of VASRD 5293 (intervertebral disc syndrome) even though the VA used VASRD 5295 (lumbosacral strain). There is no analysis of whether Mr. Rominger's condition could be fairly characterized as a "lumbosacral strain" or "intervertebral disc syndrome" when he was diagnosed and treated for herniated discs.

The ABCMR also ignored the possibility that Mr. Rominger might be entitled to a higher disability rating based on undisputed evidence of possible neurological involvement as provided for under Army Reg. 635–40, App. B–39(a). There is no analysis of the informal PEB's statement that Mr. Rominger has "absent ankle reflex on the right," A.R. 14, even though the standards set forth in Army Reg. 635–40, App. B–39(a), indicate that a 40–60 percent disability rating is appropriate where there are "objective medical findings of neurological involvement" such as "[d]eep tendon reflex asymmetry in the ankles, as manifested by an absent or diminished reflex."

While the court is not prepared to conclude that the ABCMR decision was arbitrary or capricious on the present record, the decision cannot be affirmed. The ABCMR's decision is simply not sufficient for any meaningful review. The ABCMR failed to adequately consider the important issues that needed to be analyzed before rendering a decision. *See Van Cleave*, 66 Fed.Cl. at 136. Accordingly, the matter must be remanded to the ABCMR for a proper evaluation of Mr. Rominger's objections to his disability rating.

---

5. It is for this reason that the government's concern about the right of the government to have an opportunity to gather additional factual evidence through a formal PEB is misplaced. In this case, as in *Van Cleave*, the underlying facts are not in dispute. Instead, it is the application of the VASRD to those facts that is at issue.

On remand, the ABCMR must analyze and make findings regarding: (1) whether Mr. Rominger's disability rating should have been based on VASRD 5293 (intervertebral disc syndrome) instead of VASRD 5295 (lumbosacral strain); (2) if VASRD 5293 does apply, whether he is entitled to more than a 20 percent rating; and (3) whether Mr. Rominger is entitled to a higher rating based on his loss of right ankle reflex.

## CONCLUSION

For the reasons set forth above, the motions of both parties for judgment on the administrative record are **DENIED.** The matter is **REMANDED** to the ABCMR for a period of 120 days for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**