# In the United States Court of Federal Claims

No. 16-1710C

(Filed April 25, 2019)

```
* * * * * * * * * * * * * * * * *
                                *
GORDON R. HOLMES,               *     Army Board for Correction of Military
                                *     Records; Department of Veterans
             Plaintiff,         *     Affairs; All Writs Act, 28 U.S.C.
                                *     § 1651(a); voluntary remand, RCFC
      v.                        *     52.2; doubts about correctness of
                                *     decision and desire to reconsider;
THE UNITED STATES,              *     intervening events; factors for
                                *     remand duration; gaps in record.
             Defendant.         *
                                *
* * * * * * * * * * * * * * * * *
```

*Sheridan England*, Washington, D.C., for plaintiff.

*Margaret J. Jantzen*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Douglas K. Mickle*, Assistant Director, all of Washington, D.C., for defendant. *Major Michael Townsend, Jr.*, U.S. Army Litigation Unit, Fort Belvoir, Va., of counsel.

## ORDER

WOLSKI, Judge.

In this matter plaintiff Gordon R. Holmes, a former member of the California Army National Guard, seeks back pay and disability severance pay relating to injuries he suffered during Army training. Plaintiff's application for review of his medical condition by a Medical Evaluation Board (MEB) or Physical Evaluation Board (PEB) was rejected twice by the Army Board for Correction of Military Records (ABCMR). *See* Admin. R. (AR) 3–23 (reconsideration decision), 1170–76 (initial decision). After Mr. Holmes had filed his motion for judgment on the administrative record, the government responded with a motion for a voluntary remand, which is the matter presently before the court. *See* Def.'s Mot. Voluntary Remand (Def.'s Mot.), ECF No. 36.

Proceedings had earlier been stayed, at the request of Mr. Holmes, in light of a Board of Veterans' Appeals (BVA) decision in a companion case brought by plaintiff. *See* Order (Sept. 21, 2017). In that decision, the BVA found that Mr.

Holmes's cervical dystonia was service-connected, and his matter was remanded to the Department of Veterans Affairs (VA) for additional examinations and a new benefits determination. *See* Ex. 1 to Pl.'s Unopposed Mot. to Stay (*In the Appeal of Gordon R. Holmes,* Docket No. 12-27 667A (Bd. Vet. Appeals Sept. 15, 2017)), ECF No. 20-1. Plaintiff was hoping that a VA decision to award him benefits could make this case moot, but when four months passed without the VA taking any of the actions ordered by the BVA, Mr. Holmes moved to lift the stay, *see* Pl.'s Unopp. Mot. Lift Stay at 1–2, ECF No. 22, and this request was granted. Order (Jan. 18, 2018).

The following month, plaintiff filed a motion requesting that this court issue a writ of mandamus ordering the VA to process his other case. Pl.'s Mot. Mandamus at 1, ECF No. 24. This motion was denied. *See* Tr. (Feb. 5, 2019) at 6–7. While our court, as one "established by Act of Congress," may issue writs of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), *see Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (holding that Article I courts may issue writs under the act), these are limited to writs "necessary or appropriate in aid of" a court's jurisdiction. 28 U.S.C. § 1651(a). Since the denial of VA benefits is not a matter that may be reviewed by our court, *see Estate of Smallwood v. United* States, 130 Fed. Cl. 395, 399–400 (2017), the failure of the VA to act in Mr. Holmes's companion case does not affect our jurisdiction, although some of the awaited actions might prove probative of issues in this matter.

After plaintiff filed a motion for judgment on the administrative record, the government responded with its motion seeking a voluntary remand so that the ABCMR can reconsider plaintiff's claims. *See* Def.'s Mot. at 1. The government notes that after the National Guard informed Mr. Holmes that he was entitled to a PEB, he timely responded with a request for an MEB and PEB---but apparently no evaluation board was conducted, and the administrative record contains no documentation of any reasoned determination that he was no longer entitled to such a board. *Id.* at 1–2 (citing AR 235, 1206–07).[1] Defendant also highlights the ABCMR's reliance on an opinion purportedly from the Army National Guard's Chief Surgeon,[2] which refers to a physical examination of plaintiff's neck for which no medical records are contained in the administrative record. *Id.* at 2; *see* AR 15–16. And the government adds that the various National Guard determinations that Mr. Holmes's injuries were suffered in the Line of Duty, while recounted in the ABCMR decision, *see* AR 9–14, are not adequately addressed. Def.'s Mot. at 3. Although

---

[1] To the contrary, a subsequent Department of the Army record recommended that plaintiff, "after a thorough physical and medical evaluation, be presented to the medical board and/or Fit for Duty board in the most expeditious manner." AR 1214.

[2] This opinion does not come directly from the Chief Surgeon but is instead reported in a memorandum from the Chief of the National Guard Bureau's Personnel Policy Division. AR 47–49.

defendant stops short of admitting error, it maintains that "the interests of justice" support a remand so that the ABCMR may obtain the missing documents, clarify whether an MEB or PEB was warranted given the Line of Duty determinations, and reconsider the decision to deny the relief sought by Mr. Holmes. *Id.* at 2–3. The government cites two situations justifying remand, described in the Federal Circuit's opinion in *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028–30 (Fed. Cir. 2001), as supporting remand in this case---the occurrence of intervening events and the desire to reconsider a position. *See* Def.'s Mot. at 2.

Plaintiff strongly objects to a remand, as he doubts the existence of the missing medical records and argues that a remand will only delay resolution of his case. Pl.'s Omnibus Mot. (Pl.'s Opp'n), ECF No. 37, at 4–5, 7–9, 11. He argues that the government has failed to "express some doubt about the correctness of its prior decision," and thus cannot qualify for a discretionary remand. *See id.* at 10 (citing *SKF USA*, 254 F.3d at 1029). Plaintiff maintains that the "substantial and legitimate" concerns required by the Federal Circuit are lacking, *id.*, and his counsel stresses that Mr. Holmes's health could be jeopardized by a long remand period, *see* Tr. (Feb. 5, 2019) at 10–11, 31–32, 36–38.

While it was merely implicit in the government's request that the ABCMR reconsider its decision, *see* Def.'s Mot. at 3; Def.'s Reply at 1, 3–4, the Army's counsel clearly and expressly stated on the record defendant's doubts about the correctness of the decision, *see* Tr. (Feb. 5, 2019) at 27. Under the circumstances, the ABCMR's failure to account for the previous Line of Duty determinations and the promised medical board, and its reliance on a second-hand medical opinion which was based on medical records that were not included in the administrative record, raise substantial and legitimate concerns about the correctness of the ABCMR decision. Moreover, the September 15, 2017 BVA decision that Mr. Holmes's cervical dystonia was service-connected qualifies as an intervening event outside of the Army's control, further justifying a remand so that decision may be considered by the ABCMR. *See SKF USA,* 254 F.3d at 1028.

Accordingly, the Court finds that the voluntary remand sought by the government, under Rule 52.2 of Rules of the United States Court of Federal Claims (RCFC), is warranted for the purposes requested. The Court, however, cannot agree to the requested remand period of six months plus the possibility of extension. Under RCFC 52.2, six months is the *maximum* duration for a remand, not some baseline or default period. *See* RCFC 52.2(b)(1)(B) (requiring that the remand period is "not to exceed 6 months"). In several instances, our court has remanded matters to military corrections or review boards for periods ranging from 90 to 120 days. *See, e.g.*, *Wollman v. United States*, 108 Fed. Cl. 656, 675 (2013) (90 days); *Boyle v. United States*, 101 Fed. Cl. 592, 604 (2011) (90 days); *Johnson v. United States*, 93 Fed. Cl. 666, 669 (2010) (90 days); *Doe v. United States*, No. 08-246C, 2009 WL 260967, at *13 (Fed. Cl. Jan. 30, 2009) (120 days); *Rominger v. United States*, 72 Fed. Cl. 268, 274 (2006) (120 days). The length of a remand period will

depend on the circumstances presented in each case, but several factors would naturally be considered by this court, including: 1) any exigencies faced by the former service member; 2) the extent of prior proceedings, and whether records had previously been compiled; 3) the narrowness of the scope of the issues on remand; and 4) any special problems faced by the corrections board. In light of the health concerns of Mr. Holmes, the fact that his application has been considered twice already by the ABCMR, and the small number of additional documents that the board must consider on remand, the ABCMR should be able to prioritize this remand and complete its work in far shorter than 180 days. As no special problems have been identified concerning the ABCMR, the Court finds that a remand period of **105 days** is appropriate in the circumstances. The government's motion is thus **GRANTED-IN-PART** and **DENIED-IN-PART**, and the case is **REMANDED** to the ABCMR.

Pursuant to RCFC 52.2(b), the Court provides the following directions to the parties on remand:

(1) The remand period shall terminate on **Thursday, August 8, 2019,** and proceedings in this case are **STAYED** until that date. If the ABCMR has not responded on or by August 8, 2019, the parties shall follow the procedures set forth in RCFC 52.2(d).

(2) The ABCMR shall clarify whether an in line of duty MEB/PEB was warranted based on the National Guard's Line of Duty determinations and the evidence of record.

(3) The ABCMR shall also consider the BVA's September 15, 2017 decision concerning Mr. Holmes and any further evidence that he may submit during the remand in accordance with any procedures the board may establish for that purpose.

(4) The ABCMR shall obtain a complete set of the supporting documents used in the advisory opinion from the National Guard Chief Surgeon, as well as a copy of the actual advisory opinion itself.

(5) Defendant shall, every 28 days, file a status report concerning the progress of this remand as well as the progress of the remand of Mr. Holmes's matter before the VA.

The Clerk is directed to serve a certified copy of this order, along with a copy of the BVA decision (filed as ECF No. 20-1), on the Army Board for Correction of Military Records at: Department of the Army, Army Board for Correction of Military Records, 251 18th Street South, Suite 385, Arlington, VA 22202-3531.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge