# United States Court of Appeals for the Federal Circuit

05-5045

ERIC L. GANT,

Plaintiff-Appellant

v.

UNITED STATES,

Defendant-Appellee.

Eric Grant, of Grand Prairie, Texas, pro se.

Claudia Burke, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director and Bryant G. Snee, Assistant Director. Of counsel was Armando A. Rodriguez-FEO, Attorney, Office of the Navy JAG, Litigation Division, of Washington, DC.

Appealed from: United States Court of Federal Claims

Judge Christine O.C. Miller

# United States Court of Appeals for the Federal Circuit

05-5045

ERIC L. GANT,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

NONPRECEDENTIAL OPINION ISSUED:  May 11, 2005
PRECEDENTIAL OPINION ISSUED:  August  3, 2005

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Eric L. Gant appeals from a decision of the United States Court of Federal Claims dismissing most of his claims for lack of subject matter jurisdiction and granting summary judgment for the government on the remaining claim.  <u>Gant v. United States</u>, 63 Fed. Cl. 311 (2004).  We affirm.

I

Mr. Gant began his military career when he joined the United States Navy after graduating from high school.  He was later selected to receive a Navy Reserve Officer Training Corps scholarship that allowed him to complete a college degree program and be commissioned as a Naval officer in 1993.

While on duty in July 1994, Mr. Gant began to experience medical problems that resulted in his becoming increasingly fatigued and unable to perform his job functions. Between July 1994 and June 1997, Mr. Gant made numerous visits to medical clinics in an effort to resolve his condition. He was eventually diagnosed with chronic fatigue syndrome and sleep apnea, and he was placed on limited duty status. During that period, Mr. Gant received three unfavorable fitness reports.

On April 8, 1997, the Navy convened an informal Physical Evaluation Board ("PEB") to review Mr. Gant's medical condition in order to determine if he was fit for duty. The informal PEB found that Mr. Gant was not fit for further military duty, and it awarded him a preliminary disability rating of 10 percent. Based on those findings, the informal PEB recommended that he be discharged with severance pay.

Mr. Gant initially sought to contest the preliminary findings in a formal PEB proceeding, but before the formal hearing was held he changed his mind and waived his right to a hearing. In the document in which he waived his right to a hearing, he stated that he accepted the findings of the preliminary PEB. Before making that decision, Mr. Gant was counseled by a disability evaluation counselor. In September 1997, Mr. Gant was honorably discharged and was given approximately $62,000 in severance pay.

In August 2003, Mr. Gant filed suit in the Court of Federal Claims claiming that he had been wrongfully discharged from the Navy. In addition, he made a number of claims regarding his alleged mistreatment by the Navy during his service and following his discharge, including claims that the Navy (1) had violated the Military Whistleblower Protection Act and a Department of Defense directive; (2) had violated his due process rights; (3) had been grossly negligent in actions that injured him; (4) had committed

fraud; and (5) had conspired against him in violation of 42 U.S.C. § 1985. The government moved to dismiss the first claim for failure to state a claim upon which relief could be granted on the ground that Mr. Gant had waived his right to further review of the informal PEB findings. The government moved to dismiss the remaining claims for lack of subject matter jurisdiction.

The trial court granted the motion to dismiss the claims other than the wrongful discharge claim for lack of jurisdiction. With respect to the wrongful discharge claim, the trial court treated the government's motion to dismiss as a summary judgment motion. The court then concluded that Mr. Gant had voluntarily waived his right to a formal PEB hearing and that in so doing, he had waived his right to contest both the finding that he was unfit for duty and the 10 percent disability rating. By failing to challenge the finding of unfitness and the disability rating, the court explained, Mr. Gant waived his right to raise those issues in subsequent administrative and judicial proceedings. This appeal followed.

II

Mr. Gant's first claim of error is that the trial court should have ruled in his favor on the merits of his wrongful discharge claim because the government did not challenge the court's jurisdiction over that claim. He appears to argue that the government's failure to challenge the jurisdiction of the Court of Federal Claims should be taken as an admission that he was wrongfully discharged. That argument is clearly incorrect. The Court of Federal Claims has jurisdiction over a military discharge case if the plaintiff alleges "that, because of the unlawful discharge, the plaintiff is entitled to money in the form of the pay that the plaintiff would have received but for the unlawful discharge."

Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Mr. Gant alleged that he was wrongfully discharged and that he was owed military back pay and allowances as a result of his wrongful discharge. The court therefore had jurisdiction to decide if Mr. Gant was wrongfully discharged. The existence of jurisdiction, however, does not establish a right to relief. Accordingly, the government's failure to challenge the court's jurisdiction on the wrongful discharge issue did not constitute an admission of liability.

Mr. Gant next argues that the court erred in granting judgment against him on the wrongful discharge claim, because his waiver of a formal PEB hearing did not preclude judicial review of that claim. The trial court, however, ruled that Mr. Gant's waiver of his right to a formal PEB hearing included a knowing and voluntary acceptance of the informal PEB's conclusions that he was unfit for military service and that his disability rating was 10 percent. Accordingly, the court concluded, Mr. Gant "waived his right, if he had one, to proceed in court by failing to alert the military to his objections and to take advantage of the opportunity of a formal hearing." Gant, 63 Fed. Cl. at 318.

During the pendency of this appeal, this court issued an opinion in Van Cleave v. United States, 402 F.3d 1341 (Fed. Cir. 2005), in which the court addressed the effect of a similar waiver of a formal PEB hearing on a service member's right to pursue an unlawful discharge claim in court. Pursuant to our invitation, the parties in this case filed supplemental briefs discussing the effect of the Van Cleave decision on this appeal. After reviewing the parties' submissions and the decision in Van Cleave, we conclude that the decision in that case does not require that we reverse or remand in this case for further analysis of the waiver issue.

05-5045 4

In Van Cleave, which was also a military disability retirement case, the trial court dismissed the plaintiff's complaint for failure to state a claim on the ground that the plaintiff's waiver of a right to a formal PEB hearing constituted a waiver of any right to subsequent judicial review of the plaintiff's discharge. 402 F.3d at 1342. This court disagreed, holding that the trial court's conclusion that the plaintiff had waived a formal PEB hearing did not necessarily establish that the plaintiff had waived all rights to judicial review. This court therefore remanded the case to the trial court to determine the scope and voluntariness of the plaintiff's waiver. Id. at 1344-45.

In this case, unlike in Van Cleave, the trial court specifically addressed the scope and voluntariness of Mr. Gant's waiver, which was precisely the question the Van Cleave court directed the trial court to address on remand. Focusing on the facts relating to Mr. Gant's waiver, the trial court concluded that Mr. Gant had expressly accepted, and thus waived his right to contest, the informal PEB's unfitness-for-duty finding and its 10 percent disability rating. The court held that once Mr. Gant had accepted those findings he was not free to challenge them administratively or in court unless he could establish that his waiver was unknowing or involuntary. As to that issue, the court held that Mr. Gant had not pleaded any facts or offered any evidence to support his claim that his waiver was unknowing or involuntary.

In challenging the trial court's finding that he validly waived his right to a formal PEB hearing and accepted the findings of the preliminary PEB, Mr. Gant first contends that his waiver was made under duress. At the outset, he argues that because the government did not file an answer to his complaint, it has conceded duress. The government, however, moved for dismissal of the complaint for failure to state a claim

upon which relief could be granted, which is a procedural defense that does not require the filing of an answer and does not concede the validity of the claim.

Mr. Gant next contends that the evidence he proffered was sufficient to support his claim that he signed the waiver of a formal PEB hearing under duress. He points to statements about his medical condition, but those statements do not support his contention that he signed the waiver under duress. He also asserts, as further evidence of duress, that he had not been appointed an attorney for a formal PEB hearing at the time he signed the waiver. According to SECNAVINST 1850.4C § 5220(a), a service member will be provided a military lawyer for a formal PEB hearing when the hearing panel receives the case. Mr. Gant offers no evidence, however, that a panel had received his case at the time he signed the waiver. He therefore has failed to show that the government was in violation of section 5220(a) at the time of his waiver. Mr. Gant makes various other conclusory allegations that he was under duress, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). We therefore agree with the trial court that Mr. Gant "makes no allegation, and certainly none bolstered by evidence that is considered on summary judgment, that any circumstances suggest duress." Gant, 63 Fed. Cl. at 319.

Mr. Gant next contends that his waiver was involuntary because the government did not inform him of the option of being placed on the temporary disability retirement list or the inactive reserve list. In order to be eligible for that status, a service member must have 20 years of service or a disability rating of at least 30 percent. 10 U.S.C. §§ 1201(c), 1202, 1210. Mr. Gant was ineligible for that status because he had only 13

years of service and his disability rating was only 10 percent. While he contends that he should have been informed about the effect of a higher disability rating, he admitted in his complaint that he was initially disappointed with the 10 percent rating because he knew that a 30 percent rating would qualify him for placement on the temporary disability retirement list. Therefore, even if the government failed to inform him that a 30 percent rating would qualify him for inclusion on that list, there was no prejudicial misrepresentation in this case because Mr. Gant concedes that he was already in possession of that information.

Finally, Mr. Gant argues that his waiver of a formal PEB hearing was invalid because the findings in his case were not legally reviewed pursuant to SECNAVINST 1850.4C § 5002. That regulation, however, allows a service member to petition for legal review of the final findings of a formal PEB hearing. Here, there were no formal PEB findings to review. Mr. Gant does not point to any evidence that suggests he petitioned for legal review of the informal finding, nor does he cite any authority that requires a legal review of the informal PEB findings.

In sum, we agree with trial court that Mr. Gant knowingly and voluntarily accepted the finding of unfitness for duty and the disability rating assigned to him by the preliminary PEB and that he has not shown any reason that he should be permitted to challenge those determinations in subsequent administrative or judicial proceedings. Accordingly, we uphold the ruling of the trial court granting summary judgment on Mr. Gant's challenge to the findings on which his discharge was predicated.[1]

---

[1] Mr. Gant asserts that the trial court improperly dismissed his other claims, which the trial court dismissed for lack of jurisdiction. He appears to assert, however, that

Mr. Gant makes additional arguments for the first time on appeal to this court and in his reply brief that we need not address. Arguments not made in the court or tribunal whose order is under review are normally considered waived. <u>See, e.g.</u>, <u>Caterpillar Inc. v. Sturman Indus., Inc.</u>, 387 F.3d 1358, 1368 (Fed. Cir. 2004) (a party who fails to make an argument at trial waives that argument on appeal). Because there are no exceptional circumstances in this case warranting a departure from that general rule, we decline to address Mr. Gant's new arguments made for the first time on appeal.

<u>AFFIRMED.</u>

---

those claims should have been reviewed on the merits because they bore on his claim that he was unlawfully discharged. Because the trial court properly found both that Mr. Gant waived any objection to the findings that provided the basis for his discharge and that the waiver was not shown to be unknowing or involuntary, we reject his contention that his other claims provided additional grounds for challenging the lawfulness of his discharge.