NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEAN E. ENGLAND,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3164

---

Petition for review of the Merit Systems Protection Board in No. DC0841130178-I-1.

---

Decided: March 7, 2014

---

JEAN E. ENGLAND, of Portsmouth, Virginia, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and KIRK T. MANHARDT, Assistant Director.

---

Before PROST, SCHALL, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Petitioner Jean E. England ("Ms. England") appeals a decision of the Merit System Protection Board ("MSPB") affirming the United States Office of Personnel Management ("OPM") decision denying Ms. England's request to change her irrevocable retirement coverage election because she failed to establish that she was mentally incompetent at the time of the election. As Ms. England's appeal does not demonstrate that the MSPB or OPM decisions were unsupported by substantial evidence, we *affirm*.

## BACKGROUND

On September 15, 2006, Ms. England was notified of an error regarding her retirement coverage and was given the opportunity to elect Civil Service Retirement System ("CSRS") Offset coverage or Federal Employees' Retirement System ("FERS") coverage. Respondent's Appendix ("RA") 10. On October 4, 2006, Ms. England elected FERS coverage. RA25. The form on which Ms. England made her election stated that she "waive[d] [her] opportunity to receive financial counseling from OPM," "ha[d] reviewed all the information relevant to [her] choice," and understood that her "choice of retirement plans is irrevocable." *Id.*

Ms. England subsequently attempted to change her coverage election, arguing that she was mentally incompetent when she made her initial election due to depression and other mood and anxiety disorders. RA6-7; RA11-12. On October 12, 2011, OPM denied Ms. England's request, finding that Ms. England had failed to provide evidence showing that she was mentally incompetent at the time of making her election. Ms. England requested reconsideration of OPM's decision on November 10, 2011, and OPM affirmed its initial determination on August 8,

2012, agreeing that Ms. England had not proven she was mentally incompetent when she elected FERS coverage.

On September 19, 2012, Ms. England appealed OPM's August 8, 2012 decision to the MSPB, and an administrative judge affirmed on June 7, 2013. RA10-12. Ms. England then petitioned for review of the administrative judge's initial decision, and the MSPB affirmed on September 9, 2013. *England v. Office of Pers. Mgmt.*, No. DC-0841-13-0178-I-1, 2013 MSPB LEXIS 4730, at *3-4 (Sept. 9, 2013). Ms. England now appeals to this court.

## ANALYSIS

Our review of MSPB decisions is limited by statute. We only set aside MSPB's actions, findings, or conclusions that are:

>   (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

>   (2) obtained without procedures required by law, rule, or regulation having been followed; or

>   (3) unsupported by substantial evidence . . . .

5 U.S.C § 7703(c) (2012). "Under this standard, we will reverse the MSPB's decision if it is not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (citation and internal quotation marks omitted). Thus, this Court "must determine whether, considering the record as a whole, the agency's evidence is sufficient to be found by a reasonable factfinder to meet the evidentiary burden applicable to the particular case." *Bradley v. Veterans Admin.*, 900 F.2d 233, 234 (Fed. Cir. 1990).

Regarding Ms. England's election of coverage, the law is well settled that she "is not relieved from the consequences of a written election absent a showing that mental incompetence, duress or fraud is the reason for an

election one later seeks to void." *Collins v. Office of Pers. Mgmt.*, 45 F.3d 1569, 1573 (Fed. Cir. 1995). Ms. England carries the burden of proving by a preponderance of the evidence that she should not be bound by her original election of coverage for reasons of mental incompetence. *See* 5 C.F.R. § 1201.56 (2014).

We find that substantial evidence supports the MSPB's determination that Ms. England has not proven that she was mentally incompetent when she elected FERS coverage on October 4, 2006. As the administrative judge noted in her initial decision, Ms. England produced evidence that she had a "history of serious mood and anxiety disorders," but she did not offer any evidence of mental incompetence at the time she signed the election form. RA11. Although Ms. England provided medical records from 2005 and 2007, she did not produce any records from 2006—the year in which she elected coverage. *Id.* Thus, there is no medical evidence directly establishing incompetence at the time Ms. England made her election. In addition, a medical record dated January 30, 2007—approximately three months after Ms. England's election—indicates that Ms. England was feeling better and had "more control of her fate." RA12. The medical evidence closest in time to Ms. England's election of coverage does not support her claim of mental incompetence, but instead undercuts it. As a consequence, we decline to disturb the MSPB's finding that Ms. England has not met her burden of demonstrating mental incompetence.

In her informal brief to this court, Ms. England asserts her belief that the MSPB was "discriminating" against her due to her "handicap." She does not offer any evidence of discrimination, however, or explain how the MSPB allegedly engaged in discriminatory conduct. It appears that she is merely reiterating her belief that it is unfair to hold her to her original coverage decision because she was mentally incompetent when she made the

election. As set out above, however, there is substantial evidence supporting the MSPB's determination that she did not prove mental incompetence at the relevant time. To the extent Ms. England is raising a separate claim of discrimination, we decline to consider this issue, as it was not raised in the proceedings below.[1] *See Gant v. United States*, 417 F.3d 1328, 1332 (Fed. Cir. 2005) ("Arguments not made in the court or tribunal whose order is under review are normally considered waived.").

CONCLUSION

Because substantial evidence supports the MSPB's conclusion that Ms. England has not shown mental incompetence at the time she elected FERS coverage, and absent any direct evidence demonstrating such mental incompetence at the time of election, we affirm the MSPB's decision determining that Ms. England's election cannot be revoked.

**AFFIRMED**

COSTS

Each party shall bear its own costs.

---

[1] Even if Ms. England had asserted a disability discrimination claim before the OPM and MSPB, it would be beyond the jurisdiction of this Court to review such a claim. *See Kloeckner v. Solis*, 568 U.S. ___, 133 S.Ct. 596, 603-04 (2012).