NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BMICHELLE BUSH,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5104

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00446-JFM, Senior Judge James F. Merow.

---

Decided: January 8, 2016

---

BMICHELLE BUSH, Washington, DC, pro se.

WILLIAM PORTER RAYEL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER.

---

Before NEWMAN, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Ms. Bush appeals from an order of the United States Court of Federal Claims ("CFC") dismissing her complaint for lack of subject-matter jurisdiction. Because the CFC properly dismissed Ms. Bush's claims, we *affirm*.

BACKGROUND

Ms. Bush filed a complaint seeking to invoke the CFC's Tucker Act jurisdiction under 28 U.S.C. § 1491. The complaint identified as parties the Social Security Administration, U.S. Department of Education, U.S. FMS Treasury, U.S. HHS, U.S. CMS, U.S. Contractors, Bank of America, and W.C. Smith & Co. Ms. Bush sought relief for purported false imprisonment, a Social Security benefit dispute, civil rights violations under 42 U.S.C. § 1985, Privacy Act violations under 5 U.S.C. § 522a(g), and federal conspiracy criminal conduct under 18 U.S.C. § 371. The CFC dismissed Ms. Bush's complaint *sua sponte* for lack of subject-matter jurisdiction. Ms. Bush subsequently submitted a letter to the CFC's clerk's office that the CFC construed as a motion for relief from judgment under Rule 60(b) of the Rules of the Court of Federal Claims. Her motion attempted to establish jurisdiction through a purported violation of the Rehabilitation Act, 29 U.S.C. § 794(a), and the Fourteenth Amendment for failure to appoint her counsel. The motion further indicated that Ms. Bush did not seek disability benefits, but rather compensation for nineteen months of "unjust imprisonment." A. 19.

The CFC denied Ms. Bush's motion and she appealed to us. Reiterating some of the jurisdictional bases from her complaint and Rule 60(b) motion, Ms. Bush's appeal also cites, without elaboration, "False Profile Identity Records," "'to sublease' under the Fair Housing Act," and "the Federal Consumer Leasing Act." Appellant Br. 1. We have jurisdiction to review under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the CFC's dismissal for lack of subject-matter jurisdiction de novo. *See Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). Because Ms. Bush filed her documents pro se, we hold her filings to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even a pro se litigant "bears the burden of proving that the Court of Federal Claims possessed jurisdiction over [her] complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

The CFC is a court of limited jurisdiction, largely established by the Tucker Act, 28 U.S.C. § 1491. *United States v. Testan*, 424 U.S. 392, 397–98 (1976). The Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *In re United States*, 463 F.3d 1328, 1333 (Fed. Cir. 2006) (quoting *Testan*, 424 U.S. at 398). Rather, a "substantive right must be found in some other source of law, such as 'the Constitution, or any Act of Congress, or any regulation of an executive department.'" *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting 28 U.S.C. § 1491).

The CFC does not have Tucker Act jurisdiction over any of the purported causes of action brought by Ms. Bush. We have held that the CFC does not have jurisdiction to hear claims for: Social Security benefits, *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990); civil rights violations under 42 U.S.C. § 1985, *Gant v. United States,* 63 Fed. Cl. 311, 316 (2004), *aff'd*, 417 F.3d 1328 (Fed. Cir. 2005); Fourteenth Amendment violations, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); or infractions of the federal criminal code, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994), which includes conspiracy under 18 U.S.C. § 371. Likewise, we agree with the CFC's prior holdings that it

does not have jurisdiction over claims for Privacy Act violations under 5 U.S.C. § 522a(g), *Treece v. United States*, 96 Fed. Cl. 226, 232 (2010), or Fair Housing Act violations, *Fennie v. United States*, No. 12-272C, 2013 WL 151685, at *1 (Fed. Cl. Jan. 4, 2013).

There is no jurisdiction for Ms. Bush's Federal Consumer Leasing Act claim because that Act provides the federal district courts, not the CFC, with jurisdiction. 15 U.S.C. § 1667d(c); *see United States v. Bormes*, 133 S. Ct. 12, 18 (2012) ("The Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies."). Ms. Bush's false imprisonment claim also does not establish jurisdiction, as recovery in the CFC for false imprisonment under 28 U.S.C. §§ 1495, 2513 requires a conviction and subsequent reversal or pardon. Here, Ms. Bush only presented evidence that a criminal indictment against her was dismissed. And because Ms. Bush provided no explanation, we presume her reference to "False Profile Identity Records" relates to her false imprisonment claim and, thus, this alleged ground also does not provide jurisdiction.

Finally, Ms. Bush has not shown that her case is one of the "exceedingly restricted circumstances" in which there is a constitutional right to civil counsel. *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). Ms. Bush's invocation of the Rehabilitation Act in connection with this claim does nothing to alter the result, as the Rehabilitation Act only pertains to programs of the executive, not judicial, branch. 29 U.S.C. § 794(a). A court's refusal to appoint civil counsel is an act of the judicial—not executive—branch and, thus, the Rehabilitation Act does not apply here.

Thus, Ms. Bush has not presented any claims for which the CFC has jurisdiction. Therefore, we affirm the CFC's dismissal of her complaint.

## AFFIRMED

### Costs

No costs.