NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRETT J. STUBBLEFIELD, SR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2180

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2797, Judge Michael P. Allen.

---

Decided:  August 6, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ETHAN P. DAVIS, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Brett J. Stubblefield appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") denying service connection for post-traumatic stress disorder ("PTSD"). *Stubblefield v. Wilkie*, No. 18-2797, 2019 WL 1511223 (Vet. App. Apr. 8, 2019). Before the Veterans Court, Stubblefield argued that the Board's reliance on a November 2011 VA examination was erroneous because the examination was inadequate. Before us, Stubblefield argues that the regulations governing service connection for PTSD are invalid in light of our decision in *Saunders v. Wilkie*, 886 F.3d 1356 (Fed. Cir. 2018). Because Stubblefield did not present this argument to the Veterans Court, he has waived his right to raise it on appeal. We therefore *affirm*.

## I. BACKGROUND

Stubblefield served honorably in the Army Reserves from April 1981 to July 1987, with active duty training from April 1981 to July 1981. During his active duty training, Stubblefield reports that he was threatened with a rifle by a fellow recruit. Shortly after his training, in October 1981, Stubblefield's vehicle collided with a freight train near his home in Missouri, causing him to suffer partially debilitating spine and jaw injuries. In the years since the accident, Stubblefield has experienced various mental health issues and occupational impairments.

In April 2011, Stubblefield submitted a claim for VA benefits for PTSD. The VA scheduled Stubblefield for an examination with a VA psychologist, Dr. Andrew Darchuk, which was held in November 2011. Dr. Darchuk was "unable to verify the presence of symptoms" of PTSD due to

Stubblefield's inconsistent statements during the examination.  J.A. 29.  Dr. Darchuk further noted that Stubblefield's symptoms were consistent with both "organic brain injury" and "some mood and anxiety disorders."  J.A. 40.  Given Stubblefield's history and automobile accident, Dr. Darchuk was left with a strong suspicion that Stubblefield's symptoms were connected to organic brain injury.  *Id.*  Dr. Darchuk did not provide any final diagnosis for Stubblefield's condition.

In August 2012, the St. Louis, Missouri regional office ("RO") issued a decision denying Stubblefield's PTSD claim due to the lack of a current disability and the absence of an in-service stressor event.  Stubblefield timely appealed to the Board.  The Board considered the record and denied service connection for PTSD on the same grounds as the RO.

Stubblefield appealed to the Veterans Court.  He argued that the November 2011 examination was inadequate because it failed to provide any diagnosis and made only suggested conclusions based on speculation.  He further argued that the Board failed to provide adequate reasons for its reliance on the November 2011 examination.  The Veterans Court found that the Board sufficiently justified reliance on the November 2011 examination and that Stubblefield failed to establish that the examination was inadequate.  The Veterans Court further concluded that anything that might be lacking in the examination's PTSD analysis was harmless because the Board found Stubblefield lacks credibility due to inconsistent statements—a finding Stubblefield did not challenge on appeal.

Stubblefield filed a motion for reconsideration or panel review.  He argued that the November 2011 examination was inadequate in its conclusion that he does not suffer from PTSD because the examination report indicates that Stubblefield has many of the symptoms.  He further argued that, if PTSD was not the proper diagnosis, the Board was

obligated to assess whether some other condition was present and to assess whether that condition was service connected. The Veterans Court denied reconsideration, granted panel review, and adopted the original opinion as the decision of the panel.

Stubblefield appeals. We have jurisdiction to hear appeals of purely questions of law pursuant to 38 U.S.C. §§ 7292(a), (c).

## II. DISCUSSION

"Arguments not made in the court or tribunal whose order is under review are normally considered waived." *Gant v. United States*, 417 F.3d 1328, 1332 (Fed. Cir. 2005). In appropriate circumstances, we can address issues not previously raised if the resolution of those issues is "beyond any doubt" or if an injustice might otherwise occur. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). We can also excuse waiver if the appeal presents "an issue of exceptional importance." *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1326–27 (Fed. Cir. 2019).

On appeal, Stubblefield argues that the regulations governing a determination of service connection for PTSD, specifically 38 C.F.R. §§ 4.2, 4.125(a), and 3.304(f), impermissibly require a diagnosis. He contends that the diagnosis requirements are inconsistent with our interpretation of 38 U.S.C. § 1110 in *Saunders v. Wilkie*, 886 F.3d 1356 (2018), in which we held that pain can qualify as a disability under § 1110. He asserts that under *Saunders*, entitlement to service connection must be based on whether a veteran demonstrates a loss of functioning amounting to a disability; it does not require any formal diagnosis.

Stubblefield maintains that this argument was not waived by his failure to "explicitly" raise it before the Veterans Court. Appellant's Reply Br. 1. He argues that because he "presented the question of whether VA's examination report . . . was inadequate to determine his

entitlement to service connected compensation," the *Saunders* argument was implicitly raised before the Veterans Court. *Id.* at 1–2. He further contends that the Veterans Court necessarily interpreted the requirements of 38 U.S.C. § 1110 in its holding, meaning this issue was not raised for the first time on appeal. We disagree.

Stubblefield's briefing to the Veterans Court contains no mention of *Saunders* or any argument that the applicable regulations are invalid. Rather, he argued that the VA examination was insufficient in its analysis and did not support a conclusion of no PTSD. In its opinion, the Veterans Court noted that Stubblefield "questions the examiner's conclusion that he did not meet the medical criteria to establish a PTSD diagnosis." *Stubblefield*, 2019 WL 1511223, at *2. It did not, however, expressly interpret any regulation or address the regulations' validity.

Although an argument first raised in a motion for reconsideration would also likely be waived, we note that Stubblefield failed to raise his *Saunders*-based argument even at that stage. Stubblefield raised two issues in his motion for reconsideration. He reiterated his argument that, given the symptoms noted in the examination, the Board's conclusion that he did not meet the criteria for a PTSD diagnosis was unsupportable. And he argued that the examiner failed to answer "the critical question of whether these symptoms represent a mental condition connected to the veteran's service." J.A. 8. Neither of these arguments invoke the validity of regulations governing compensation for PTSD in light of *Saunders*. Nor do his arguments address the correct interpretation of § 1110. Stubblefield does not cite the statute in his motion; he does not mention this court's holding in *Saunders*; and he does not attempt to parse the correct legal definition of the term "disability," all of which he does for the first time on appeal.

Because Stubblefield failed to question the validity of 38 C.F.R. §§ 4.2, 4.125(a), and 3.304(f) before the Veterans

Court, his argument is waived. Stubblefield does not, moreover, argue any exceptional or compelling reasons for us to excuse the waiver. We see none. Accordingly, we decline to depart from our general rule and hold that Stubblefield's *Saunders*-based argument is waived.

## III. CONCLUSION

For the reasons stated above, we find Stubblefield's statutory interpretation argument is waived. We have considered Stubblefield's remaining argument but find it to be without merit. We therefore *affirm* the Veterans Court's decision.

## AFFIRMED