NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BRADLEY D. GARD,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2024-1711

_____

Petition for review of the Merit Systems Protection Board in No. AT-0845-18-0059-I-1.

_____

Decided:  January 23, 2025

_____

BRADLEY D. GARD, Columbia, KY, pro se.

TATE NATHAN WALKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and GILSTRAP, *Chief District Judge*.[1]

PER CURIAM.

Bradley Gard appeals a decision of the Merit Systems Protection Board (Board) denying his petition to waive recovery of an overpayment of his disability retirement benefits. For the following reasons, we *dismiss*.

## BACKGROUND

Mr. Gard is a former employee of the Department of Veterans Affairs who applied for disability retirement benefits under the Federal Employment Retirement System (FERS). Appx. 2.[2] When the Office of Personnel Management (OPM) notified Mr. Gard his application was approved, OPM also informed Mr. Gard he must apply for separate disability benefits through the Social Security Administration (SSA). *Id.* OPM informed Mr. Gard that, should the SSA approve his application for disability benefits, his FERS benefits would need to be reduced accordingly. *Id.*

The SSA approved Mr. Gard's application for disability benefits on July 1, 2012. *Id.* On November 10, 2014, OPM notified Mr. Gard it was aware he was receiving Social Security benefits, his monthly FERS annuity would need to be reduced, and he had been overpaid during the period of overlap between the programs. *Id.* Mr. Gard requested reconsideration, and OPM confirmed he had been overpaid and was not entitled to a waiver. *Id.* at 3.

---

[1]    Honorable J. Rodney Gilstrap, Chief Judge, United States District Court for the Eastern District of Texas, sitting by designation.

[2]    "Appx." refers to the appendix attached to Appellee's Informal Response Brief. *See* ECF 15.

Mr. Gard petitioned the Board for review of OPM's decision. *Id.* at 1. The Board affirmed OPM's decision that Mr. Gard was overpaid $27,469.00 and determined Mr. Gard "failed to prove by substantial evidence that he is eligible for a waiver of collection of the overpayment." *Id.* at 3, 5. The Board did, however, adjust the recovery schedule for the overpayment due to Mr. Gard's evident financial hardship by decreasing Mr. Gard's monthly payments. *Id.* at 7. Mr. Gard filed a petition for review of the Board's decision, which the Board denied. Appx. 17.

Mr. Gard appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

We have jurisdiction to review final orders and decisions from the Board under 5 U.S.C. § 7703(b)(1). We do not, however, have jurisdiction to hear mixed cases with merit-based claims along with claims for discrimination. 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 431 (2017) (mixed cases shall be filed in district court). Mr. Gard argues he brought a discrimination claim regarding a handicapping condition in addition to his other merit-based claims. Appx. 24–25. There is no evidence in the record Mr. Gard brought any discrimination claims before the Board. To the extent he is raising a separate claim of discrimination for the first time on appeal, we decline to consider issues not raised in the proceedings below. *Gant v. United States*, 417 F.3d 1328, 1332 (Fed. Cir. 2005) ("Arguments not made in the court or tribunal whose order is under review are normally considered waived."). Because Mr. Gard's appeal is not a mixed case, we have jurisdiction.

The scope of our review in an appeal from a decision of the Board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule,

or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. Gard argues the Board erred: (1) in determining that he was overpaid, (2) by failing to determine his debt should be forgiven, and (3) by failing to consider adequately that he cannot pay. Appellant's Informal Opening Br. 2–3; Appx. 32–33. We do not reach the merits of Mr. Gard's arguments because his appeal is untimely. Under 5 U.S.C. § 7703(b)(1), an appeal "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." The Board issued its final order on February 5, 2024. Appx. 16. Mr. Gard's appeal was therefore due April 5, 2024, but we did not receive his appeal until April 15, 2024 – 10 days after the appeal deadline. Appx. 31; *see also* FED. R. APP. P. 26(a).

The timing requirement of 5 U.S.C. § 7703(b)(1), however, "is not jurisdictional," and might be subject to equitable tolling. *Harrow v. Dep't of Def.*, 601 U.S. 480, 482 (2024). It remains an open question after *Harrow* whether the statute is eligible for equitable tolling. *Id.* at 489. Even if equitable tolling did apply, Mr. Gard has not carried his burden to establish eligibility for tolling of 5 U.S.C. § 7703(b)(1)'s timing requirement.

To establish equitable tolling, Mr. Gard "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mr. Gard has not shown he has been pursuing his rights diligently. Mr. Gard asserts he received notice of the Board's final order "late" because the agency had the wrong address after he moved from Florida to Kentucky. Appx. 31. He has not indicated when he received notice, though his notice of appeal is dated April 3, 2024, which was before the deadline to file his appeal. *Id.* And as the Board's regulations make clear, "appellant is responsible for keeping the agency informed of his or her

current home address for purposes of receiving the agency's decision." 5 C.F.R. § 1201.22(b)(3). There is no evidence in the record Mr. Gard updated his address with the Board, nor do Mr. Gard's filings allege he updated his address. Mr. Gard provides no further explanation for his filing delay in his reply brief. *See* Appellant's Informal Reply Br. 1. Mr. Gard therefore failed to show he acted diligently. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Because diligence is required to establish equitable tolling, we hold Mr. Gard has not carried his burden of establishing a basis for equitable tolling, and therefore his appeal is untimely under 5 U.S.C. § 7703(b)(1).

## CONCLUSION

We have considered Mr. Gard's remaining arguments and find them unpersuasive. For the foregoing reasons, we dismiss Mr. Gard's appeal as untimely.

## **DISMISSED**

### COSTS

No costs.