NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY W. BUTLER,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2024-2337

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-19-0077-X-1.

---

Decided:  June 4, 2025

---

TIMOTHY BUTLER, San Antonio, TX, pro se.

TATE NATHAN WALKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before DYK, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

Timothy W. Butler petitions pro se for review of a final order of the Merit Systems Protection Board ("Board") dismissing his petition for enforcement of the Board's order granting him back pay. We *affirm*.

I

On July 27, 2018, Mr. Butler was removed from his position as a Human Resources Assistant at the United States Army Cadet Command at Texas A&M University in Corpus Christi, Texas, for failure to follow policies and instructions and for his absence from work without authorization. Mr. Butler appealed his removal to the Board, which ordered the Army to "cancel [Mr. Butler's] removal and to restore [him] effective July 27, 2018," and that he be paid the "correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of th[e] [order]."[1] *Butler v. Dep't of Army*, No. DA-1221-19-0077-W-1, at 11–12 ¶¶ 23–24 (M.S.P.B. Jan. 20, 2023) ("*January Order*"). Approximately six months later, the Army had still not paid Mr. Butler his back pay, interest, or other benefits. Mr. Butler thus filed a petition for enforcement of the Board's *January Order*. On July 18, 2023, the administrative judge ("AJ") ordered the Army to pay Mr. Butler any undisputed back wages. The Army,

---

[1]    After the Board issued its final decision, Mr. Butler also filed motions for compensatory and consequential damages. While the Board denied his motion for consequential damages, it granted in part his motion for compensatory damages. It awarded Mr. Butler $75,000, which the Army paid.

however, notified the Board that it could not calculate Mr. Butler's back pay because he had not provided dates during which he was unable to work due to injury or illness after his July 27, 2018, removal, as required by regulation. *See* 5 C.F.R. § 550.805(c)(1) (requiring that, in calculating back pay, the agency exclude, "[a]ny period during which an employee was not ready, willing, and able to perform his . . . duties because of an incapacitating illness or injury"); *White v. Dep't of Army*, No. 2007-3135, 2007 WL 2914536, at *3 (Fed. Cir. 2007).

The AJ's July 18, 2023, initial decision was referred to the Board for final decision. Upon referral, the Board's clerk ordered Mr. Butler to supply dates, between July 27, 2018, and February 7, 2023, when he was unable to work and notified him that if he "fail[ed] to file [this information], the Board may dismiss his petition for enforcement." S. App'x 15.[2] Mr. Butler did not provide the requested information. On July 17, 2024, the Board dismissed Mr. Butler's petition for enforcement "[i]n light of [his] failure to cooperate with the agency's attempt to calculate his back pay, and his failure to respond to the Board's order instructing him to provide the necessary information." *Butler v. Dep't of Army*, No. DA-1221-19-0077-X-1, at 4 ¶ 10 (M.S.P.B. July 17, 2024).

Mr. Butler petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).[3]

---

[2]   "S. App'x" refers to the appendix filed with the government's informal response brief.

[3]   In his Federal Circuit Rule 15(c) statement, Mr. Butler alleged that he raised a "discrimination" claim of whistleblowing before the Board. ECF No. 11 at 2. This is not a mixed case, however, as whistleblowing is not one of the categories of discrimination listed in 5 U.S.C. § 7702(a)(1)(B). Before the Board, Mr. Butler did

## II

This court must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The Board's decision dismissing Mr. Butler's petition for enforcement was supported by substantial evidence. The Army reinstated Mr. Butler to his position and was attempting to provide Mr. Butler with back pay. Mr. Butler did not provide the necessary information to calculate this back pay despite requests from the agency and an order by the Board.

In his petition for review, Mr. Butler does not dispute that he did not provide the requested information. Mr. Butler explains, however, that he "was unable to reply" because he did not "receiv[e] the information until [his] [a]ccount was restored." Pet'r's Br. 2. It is not clear and Mr. Butler does not explain what information he needed to receive in order to provide the Army with dates he was unable to work. Moreover, he did not present this argument to the Board in response to its order instructing Mr. Butler to provide the necessary dates to the Army, so it is forfeited. *See Butler*, No. DA-1221-19-0077-X-1, at 3–4 ¶ 7 (M.S.P.B. July 17, 2024) (explaining Mr. Butler did "not respond[] to [the Board's] order or file[] any other submission").

For the first time in his reply, Mr. Butler also argues that "the [Army] received dates," and, as evidence of this, Mr. Butler attaches emails to his reply brief. He further

---

not allege any discrimination within the categories falling under that statute. *See England v. Off. of Pers. Mgmt.*, 557 F. App'x 993, 995 (Fed. Cir. 2014) (nonprecedential).

argues that he sent the Board dates as well, explaining that he went to college through the "Vocational Rehabilitation program" from 2019–2022. ECF No. 25-2 at 4; *see also* Pet'r's Memo. in Lieu of Oral Arg., ECF No. 31, at 2 ( "[M]y incapacitation dates were given to the proper personnel but not sent forward"). Mr. Butler does not explain how these emails or the 2019–2022 college dates are responsive to the request that he provide information concerning when, between July 27, 2018, and February 7, 2023, he was unable to work due to incapacitating illness or injury, nor does he identify how otherwise the Army received the requested information. In any event, this information is not part of the record, and we cannot consider it.

Finally, Mr. Butler argues that the Army has continued to retaliate against him as a whistleblower. Whatever claims Mr. Butler has in this respect are not part of the present case.

We have considered Mr. Butler's remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.